# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

Case No. 11-30369

**KEVIN BRIAN GANDY**

                Debtor


## MEMORANDUM ON MOTION FOR ORDER
## EXTENDING DEADLINE FOR FILING OBJECTIONS TO DISCHARGE
## AND TO DISCHARGEABILITY OF CLAIMS


**APPEARANCES:**    MAYER & NEWTON
                          John P. Newton, Jr., Esq.
                          Richard M. Mayer, Esq.
                          1111 Northshore Drive
                          Suite S-570
                          Knoxville, Tennessee 37919
                          Attorneys for Debtors

                          SCHUCHARDT LAW FIRM
                            Elliott J. Schuchardt, Esq., *Pro Se*
                            U.S. Steel Tower
                            Suite 660
                            600 Grant Street
                            Pittsburgh, Pennsylvania 15219


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion for Order Extending Deadline for Filing Objections to Discharge and to Dischargability [sic] of Claims (Motion to Extend Deadline) filed by Elliott Schuchardt on May 14, 2013, asking the court to enter an order extending the deadline for Mr. Schuchardt to file a complaint objecting to the Debtor's discharge and to the dischargeability of a debt for a period of thirty days beyond resolution of his pending Motion to Dismiss Case, which was filed on March 26, 2013, and is set for trial on July 29, 2013. The Debtor filed a Debtor's Response to Motion to Extend Time to File a Complaint Filed by Elliot [sic] Schuchardt (Response to Motion to Extend Deadline) on June 5, 2013, arguing that the Motion to Extend Deadline should be dismissed because Mr. Schuchardt is barred from filing a complaint to determine dischargeability based upon the dismissal with prejudice of a previously filed adversary proceeding. On June 6, 2013, Mr. Schuchardt then filed a Reply to Debtor's Response to Motion to Extend Deadline for Objecting to Dischargability [sic] (Reply to Response to Motion to Extend Deadline). The court held a hearing on June 20, 2013, which Mr. Schuchardt attended telephonically. For the following reasons, the court will grant the Motion to Extend Deadline as it relates to the filing of an objection to the Debtor's discharge under 11 U.S.C. § 727(a) (2006) and will deny it as to the extent Mr. Schuchardt seeks an extension of time to file a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (4) (2006).

**I**

On February 3, 2011, the Debtor filed the Voluntary Petition commencing his bankruptcy case under Chapter 13. As established in the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines mailed to creditors, the Debtor's meeting of creditors was scheduled on

March 10, 2011, which was also the deadline for objecting to confirmation of his Chapter 13 Plan. The deadline for the filing of a complaint objecting to discharge and/or to seek a determination of dischargeability of certain debts was May 9, 2011. On February 22, 2011, Mr. Schuchardt, an attorney and unsecured creditor of the Debtor, filed an Objection to Confirmation of Chapter 13 Plan which was subsequently heard on August 10, 2011, and overruled. The Debtor's Chapter 13 Plan was thereafter confirmed by the Order Confirming Chapter 13 Plan (Confirmed Plan) entered on August 15, 2011, which provided for payment of a 1-5% dividend to unsecured creditors including Mr. Schuchardt.

Additionally, Mr. Schuchardt filed a Complaint to Determine Dischargability [sic] of a Debt on February 22, 2011, commencing Adv. Proc. No. 11-3059, seeking a determination, pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (4) as well as 11 U.S.C. § 1328(a)(4) (2006), that a judgment in the amount of $6,500.00 entered against the Debtor by the Chancery Court for Knox County, Tennessee, on December 6, 2010, was nondischargeable. Thereafter, on May 16, 2011, the Debtor filed a Complaint initiating Adv. Proc. No. 11-3172 against Mr. Schuchardt asserting willful violations of the automatic stay and seeking damages pursuant to 11 U.S.C. § 362(k) (2006). Motions for Summary Judgment were filed by Mr. Schuchardt in each adversary proceeding on October 10, 2011, and November 4, 2011, respectively. The Motions for Summary Judgment were not, however, resolved by the court because each Complaint was voluntarily dismissed by the respective Plaintiff pursuant to an identical Agreed Order of Dismissal stating that "Plaintiff's claims in this Adversary Proceeding are hereby dismissed with prejudice" entered on January 5, 2012, in Adv. Proc. No. 11-3059 and on January 4, 2012, in Adv. Proc. No. 11-3172. Each Agreed Order of Dismissal bore the approval signature of the Debtor's attorney and Mr. Schuchardt.

On November 23, 2011, the Chapter 13 Trustee filed a Motion to Dismiss pursuant to 11 U.S.C. § 1307 (2006) for failure by the Debtor to file a declaration under penalty of perjury setting forth all income earned by the Debtor and his non-filing spouse in 90 day intervals as ordered by the court in the August 11, 2011 Order overruling objections to confirmation.  Pursuant to an Order entered on December 14, 2011, the Motion to Dismiss was denied, and the Debtor and his non-filing spouse were ordered to deliver their income documentation to the Chapter 13 Trustee within one week.  On February 5, 2013, the Chapter 13 Trustee filed a second Trustee's Motion to Dismiss, this time arguing that the Debtor's recent paycheck stubs reflected additional income of $6,110.00 that was due to be paid into his Confirmed Plan.  Two days prior to the scheduled March 27, 2013 hearing on the Trustee's Motion to Dismiss, on March 25, 2013, the Debtor filed a Notice to Convert to Chapter 7, and his case was converted to Chapter 7.  The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines issued by the clerk's office reflected a meeting of creditors scheduled for April 30, 2013, and set July 1, 2013 as the new deadlines for objecting to the Debtor's discharge and/or challenging the dischargeability of debts.  Mr. Schuchardt filed a Motion to Dismiss Case on March 26, 2013, arguing that the case should be dismissed pursuant to 11 U.S.C. § 707(b) (2006) for bad faith, to which the Debtor filed a Response to Motion to Dismiss Filed by Elliot [sic] Schuchardt on May 8, 2013.  The trial on Mr. Schuchardt's Motion to Dismiss Case is scheduled for July 29, 2013.  Mr. Schuchardt then filed the Motion to Extend Deadline presently before the court on May 14, 2013.[1]

---

[1] Mr. Schuchardt also filed, on June 7, 2013, a Motion for Order Requiring Debtor to File Accurate Schedules I & J and Investigating Debtor's Means Test, asking the court to direct the United States Trustee to investigate the accuracy of the Form B22A Chapter 7 Statement of Current Monthly Income and Means-Test Calculation filed by the Debtor on March 25, 2013, and to order the Debtor to file an updated Schedule I - Current Income of Individual Debtor(s) and Schedule J - Current Expenditures of Individual Debtor(s).  The United States Trustee filed the Objection of the United States Truste [sic] to Motion Directing the United States Trustee to Investigate on June 12, 2013, to which

(continued...)

## II

The authority for the Motion to Extend Deadline is derived from the Federal Rules of Bankruptcy Procedure. Rule 4004 provides that "[o]n motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge[,]" FED. R. BANKR. P. 4004(b), and Rule 4007 provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision" for filing a nondischargeability complaint under § 523(c). FED. R. BANKR. P. 4007(c). It is within the discretion of the court whether cause exists to grant an extension under either Rule 4004(b) or 4007(c), with the following factors providing "an analytical framework" for evaluation of the request:

> (1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*In re Chatkhan*, 455 B.R. 365, 368 (Bankr. E.D.N.Y. 2011) (citations omitted).

As an initial matter, none of the foregoing – or any other factor – weighs against granting the Motion to Extend Deadline insofar as it requests an extension of time for Mr. Schuchardt to file a complaint objecting to the Debtor's discharge under § 727(a). In fact, the Debtor did not address that request in his Response to Motion to Extend Deadline, and the court infers that lack of response as no opposition. Accordingly, the Motion to Extend Deadline with respect to any § 727(a) complaint objecting to discharge shall be granted.

---

[1](...continued)
Mr. Schuchardt filed the Reply of Creditor Schuchardt to the Response of the U.S. Trustee to Motion Requiring the Debtor to File Accurate and Up-To-Date Schedules on June 17, 2013. This motion is scheduled for hearing on July 11, 2013.

The same cannot, however, be said for Mr. Schuchardt's request to also extend the deadline to file a complaint for a determination of dischargeability under § 523(c). As argued by the Debtor in his Response to Motion to Extend Deadline, Mr. Schuchardt previously filed a Complaint against the Debtor in Adv. Proc. No. 11-3059 seeking to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) and (4), which was dismissed with prejudice on January 5, 2011, and he is now barred from filing a second complaint on the same grounds. In his Reply to Response to Motion to Extend Deadline and during the preliminary hearing, Mr. Schuchardt argued that he was afforded a new deadline for filing complaints under §§ 523(c) and 727 when the Debtor converted to Chapter 7 and, therefore, he is not barred from filing a second complaint under 523(c). While he is correct in his argument that he and all other creditors were provided with a new opportunity to question the Debtor at a meeting of creditors and that a new deadline for filing objections to discharge and actions for the determination of dischargeability of certain debts was set, he cannot discount his prior actions within the Chapter 13 case with respect to Adv. Proc. No. 11-3059, which he, in fact, voluntarily dismissed with prejudice. The result is that Mr. Schuchardt is now barred by the doctrine of res judicata from refiling a complaint under 11 U.S.C. § 523(a)(2)(A) and (4) seeking to determine the dischargeability of the debt owed to him by the Debtor stemming from the Judgment obtained in the Knox County Chancery Court.

Res judicata, which "promote[s] the finality of judgments," *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996) (quoting RESTATEMENT (SECOND) JUDGMENTS § 24 (1982)). "The general

rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim precludes a second action on that claim or any part of it. Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." *J.Z.G. Res., Inc.*, 84 F.3d at 214; *see also Hackney v. Hackney (In re Hackney)*, 2008 WL 4830040, at *11 (Bankr. N.D. Ala. Oct. 10, 2008) ("Res judicata precludes the same parties from pursuing claims actually raised, or that could have been raised, in prior litigation involving the same operating facts where there was a final adjudication of such claims.") (citing *Marlow v. Sweet Antiques (In re Marlow)*, 216 B.R. 975, 979 (Bankr. N.D. Ala. 1998)). In the Sixth Circuit, res judicata is based upon the following four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*J.Z.G. Res., Inc.*, 84 F.3d at 215 (citing *Sanders Confectionery Prods., Inc.*, 973 F.2d at 480).

In this case, all four elements are satisfied. First, the Agreed Order of Dismissal entered on January 5, 2012, is a final adjudication of Adv. Proc. No. 11-3059. "A dismissal with prejudice is the equivalent of a final judgment on the merits." *Hackney*, 2008 WL 4830040, at *10. "There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case. . . . The plaintiff is precluded from bringing another action for the same cause when the dismissal of his action with prejudice stands." *Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 181 F.3d 1142, 1144 (9th Cir. 1999) (internal citations and quotation marks omitted). A final judgment in which an action is dismissed with prejudice "constitutes a 'final

judgment' for the purposes of res judicata in Tennessee." *Hendricks v. City of Maryville*, 2009 WL 4730351, at *3 (E.D. Tenn. Dec. 4, 2009).

In his Reply to Response to Motion to Extend Deadline, Mr. Schuchardt argues that because he has been afforded a new deadline for the filing of 727 and/or 523(c) complaints through the Debtor's conversion to Chapter 7, he is allowed another bite at the apple, notwithstanding the filing and dismissal of Adv. Proc. No. 11-3059. In support of this argument, Mr. Schuchardt relies upon two cases in which courts have allowed a second dischargeability action in converted cases; however, the facts in the cases he has cited are readily distinguished from the facts herein. In the first case, *FDIC v. Daily (In re Daily)*, 124 B.R. 325, 327-28 (Bankr. D. Hawaii 1991), the debtor filed a Chapter 11 case in December 1984, within which the FDIC filed an adversary proceeding in July 1985, that included two counts seeking a determination of dischargeability under 11 U.S.C. § 523(a)(2)(B) (2006). In October 1988, the debtor converted her case to Chapter 7, and May 22, 1989, was set as the deadline for filing objections to discharge. *Daily*, 124 B.R. at 327. The court issued a show cause order in February 1989, for failure to prosecute, to which the FDIC replied by then filing a second adversary proceeding in May 1989, although the first adversary proceeding was still pending. *Daily*, 124 B.R. at 327. Subsequently, in August 1990, the debtor filed a motion to dismiss the first adversary proceeding, which was granted with prejudice by the court on August 24, 1990. *Daily*, 124 B.R. at 327. Thereafter, the debtor argued that a dismissal with prejudice is a judgment on the merits, barring re-litigation of the same cause of action, and the second adversary proceeding should be dismissed under the doctrine of res judicata, because it was merely a refiling of the first adversary proceeding that had been dismissed.

8

In reaching its determination to allow the second complaint, the court examined the facts of the case in conjunction with an examination of dismissal for failure to prosecute under Rule 41 and determined that based on the equity of that particular bankruptcy case, it would not invoke res judicata to preclude the creditor's second complaint. *Daily*, 124 B.R. at 328-30. The court first examined Rule 1019(3) of the Federal Rules of Bankruptcy Procedure (now Rule 1019(2)), which allows a new time period for the filing of complaints under 727 and/or 523 when a debtor converts to Chapter 7, stating that "[t]he majority of the cases involving Rule 1019(3) are situations where creditors who did not file a complaint under a Chapter 11 or 13 reorganization are given a fresh opportunity to file under the converted Chapter 7 liquidation. Failure to initially file under Chapter 11 or 13 often occurs because creditors hope a reorganization plan will provide payment in full." *Daily*, 124 B.R. at 328 (citations omitted). Pointing out that the FDIC had filed a complaint in the Chapter 11, which it then re-filed when the debtor converted to Chapter 7, the court also focused on the fact that when the second complaint was filed, the first complaint had not been dismissed and was not dismissed for more than a year afterwards. *Daily*, 124 B.R. at 328. The court additionally considered the fact that the first complaint was involuntarily dismissed with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure,[2] stating that a strict application of res judicata would bar the second, identical complaint, but that several courts had not

---

[2] As quoted by the court in *Daily* and as it existed in 1991, Rule 41 provides:

(b) Involuntary Dismissal: Effects Thereof. For Failure of the plaintiff to prosecute . . ., a defendant may move for dismissal of an action or of any claim against the defendant . . . . The court as trier of the facts may then determine them and render judgment against the plaintiff . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

*Daily*, 124 B.R. at 329 (quoting FED. R. CIV. P. 41(b)).

9

afforded res judicata effect when the merits of the case were not actually reached in the prior case and where there was no history of carelessness and neglect, no willful delay, no evidence that the other party extended any effort in preparing a defense, and no evidence that the debtor would be actually prejudiced by having to prepare a defense to the second action. *Daily*, 124 B.R. at 329-30. Based upon those equitable factors, the court denied the debtor's motion to dismiss the FDIC's second complaint. *Daily*, 124 B.R. at 330.

The second case cited by Mr. Schuchardt, *Huntington Nat'l Bank v. Schwartzman (In re Schwartzman)*, 63 B.R. 348 (Bankr. S.D. Ohio 1986), which was also cited by the court in *Daily*, involves a converted case in which the first adversary proceeding was pending when the second one was filed and the court subsequently consolidated the adversary proceedings for trial purposes. The debtor filed a Chapter 11 case in September 1984, and after being granted extensions to do so, in August 1985, the creditor filed an adversary proceeding under both §§ 727(a)(3) and 523(a)(2)(B). *Schwartzman*, 63 B.R. at 351. In November 1985, the debtor converted to Chapter 7, and the conversion order provided that

> All adversary proceedings brought against the Debtor during the pendency of this case as a case under Chapter 11 shall retain their status as adversary proceedings in this case as converted to a case under Chapter 7 with the parties thereto retaining all of their respective rights, causes of action, claims and defenses in the same manner as if this case had originally been filed as a case under Chapter 7.

*Schwartzman*, 63 B.R. at 351. Notwithstanding this language, the creditor filed a second complaint in February 1986, inclusive of the original two counts and adding counts under §§ 523(a)(2)(A) and 727(a)(2) and (5). *Schwartzman*, 63 B.R. at 351. The debtor filed separate motions to dismiss each complaint, but neither was dismissed at the time of the court's opinion. *Schwartzman*, 63 B.R. at 351. After first determining that the conversion provided creditors with a new time period for filing

10

complaints objecting to discharge and for the determination of dischargeability, the court then addressed the issue raised by the debtor that the second adversary proceeding contained two counts identical to the first along with three additional counts arising out of the same transaction, and stated that, based upon the facts analyzed under the reasoning for amendment rather than multiplicity of pending suits, in order to avoid the objection raised, the debtor "could more properly have simply amended its original complaint." *Schwartzman*, 63 B.R. at 352-53.

The matter presently before this court does not involve an involuntary dismissal or offer a creditor who did not file a dischargeability action in a Chapter 13 case an opportunity to act differently in light of a conversion to Chapter 7. Here, Mr. Schuchardt filed a § 523(c) action against the Debtor during the pendency of the Chapter 13 case and then voluntarily dismissed Adv. Proc. No. 11-3059 on January 5, 2012, with prejudice. His argument that he "agreed to dismiss his adversary proceeding after it became evident that the Debtor would pay Schuchardt's claim in full in the chapter 13 proceeding[,]" REPLY TO RESP. TO MOT. TO EXTEND at ¶ 3, is irrelevant and not determinative. Although Mr. Schuchardt incorrectly states that the Debtor's Confirmed Plan provided for payment in full of his unsecured nonpriority claim,[3] the fact remains that even if it had, Mr. Schuchardt was not required to dismiss Adv. Proc. No. 11-3059 with prejudice in anticipation of payment under the Confirmed Plan. Instead, he could have dismissed the Complaint without prejudice thus leaving open the opportunity to refile the Complaint in the event the Debtor converted to Chapter 7.[4]

---

[3] The Confirmed Plan provides for payment of a 1-5% dividend to unsecured nonpriority creditors such as Mr. Schuchardt.

[4] Mr. Schuchardt is a bankruptcy attorney and is clearly aware of the right afforded a Chapter 13 debtor under 11 U.S.C. § 1307(a) (2006) to convert to Chapter 7 "at any time."

Furthermore, because the § 523(c) action that Mr. Schuchardt wants to file against the Debtor is based upon the same operative facts and would be for the same debt as in Adv. Proc. No. 11-3059, involves the same exact parties, and concerns issues that were raised or could have been raised in Adv. Proc. No. 11-3059, the final three elements of res judicata are satisfied.  Because such a lawsuit would be barred by res judicata, it would accomplish nothing to extend the deadline for Mr. Schuchardt to file a § 523(c) complaint, and his Motion to Extend Deadline will be denied insomuch as it seeks to extend the deadline for filing a dischargeability action under § 523(a)(2)(A) and (4).

An order consistent with this Memorandum will be entered.

FILED:  June 25, 2013

                                         BY THE COURT

                                         /s/  RICHARD STAIR, JR.

                                         RICHARD STAIR, JR.
                                         UNITED STATES BANKRUPTCY JUDGE